IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUBREY FITZGERALD BANGO, | : | |
| | : | CIVIL ACTION NO. **3: 12-CV-0822** |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CRAIG A. LOWE, Warden,<br>Pike County Prison, | : | |
| | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural Background.**

On May 2, 2012, Petitioner, Aubrey Fitzgerald Bango, a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), filed a form petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, with this Court. Petitioner, represented by counsel, named as Respondent Craig A. Lowe, Warden of the Pike County Prison ("PCP") in Lords Valley, PA, where the Petitioner is currently held pending completion of his removal proceedings.[1] Beyond the form petition for writ of habeas corpus, Petitioner did not file

---

[1] This Court has venue and jurisdiction with respect to Petitioner's habeas petition challenging his continued physical custody by ICE at Pike County Prison. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (finding that a petition pursuant to 28 U.S.C. § 2241 challenging an alien's present physical custody in the United States should be filed in the district where the petitioner is confined). Petitioner also names the correct Respondent, PCP Warden Craig Lowe. *See* 28 U.S.C. § 2242 and §2243. *See also Jado v. Decker*, 2009 WL 1456595, *1, n. 1 (M.D. Pa.)("The only properly named Respondent in a federal habeas corpus action is the applicant's custodial official.").

any Exhibits in support of his petition; petitioner has also provided no documentation of immigration court proceedings or initiation of ICE removal proceedings. (Doc. 1).[1]

Petitioner is challenging his continued pre-removal order detention by ICE at Pike County Prison pending a ruling by the Board of Immigration Appeals ("BIA") on the government's appeal of whether the crimes of which he has been previously convicted constitute aggravated felonies and removable offenses. (Doc. 1, p. 7).

There is no question that ICE took custody of Petitioner on December 16, 2008, that he has remained in ICE's custody at PCP to the present day, and that he has been in ICE custody for approximately seventeen months since the immigration court issued its decision on February 2, 2011, terminating removal proceedings against Petitioner. (Doc. 4, p. 7). On March 3, 2011, ICE filed an appeal to the BIA with respect to the decision of the immigration court terminating removal proceedings against Petitioner. This appeal is currently pending with the BIA.

As mentioned, Petitioner then filed the instant habeas petition on May 2, 2012. While Petitioner's removal case is pending before the BIA, Petitioner requests that this federal

---

[1] Petitioner, though represented by counsel, has not provided any background information on the circumstances of his arrival to the United States, on his criminal and arrest record, on the disposition of his case before the Immigration Judge or on Respondent's appeal to the BIA. Petitioner's habeas petition consists solely of a form petition for writ of habeas corpus, with brief notations about the issues raised in previous immigration proceedings. Since Petitioner has not furnished any of his background information, we will rely upon Respondent's brief for the key background facts necessary to our consideration of Petitioner's petition for writ of habeas corpus.

Court release him from PCP pending the disposition of the BIA appeal, or, in the alternative, that this Court order him to receive a new bond hearing with instructions to the immigration judge to release him on a reasonable bond or with an electronic monitoring device. (Doc. 1, p. 8). We issued an Order to Show Cause on May 8, 2012, and directed the Respondent to answer the habeas petition. On May 29, 2012, Respondent filed his Response. (Doc. 4). Petitioner did not file a Traverse.

**II. Factual Background.**

Petitioner Bango, born on July 2, 1959, is a native and citizen of Trinidad. (Doc. 4, p. 3). He was admitted lawfully to the United States on a Western Hemisphere immigrant visa on November 12, 1973, and has resided here ever since. (Doc. 4, p. 3).

Since his arrival to the United States on November 12, 1973, Petitioner has accrued a lengthy criminal record, including seven instances of arrest as well as three convictions for which he served prison time. (*Id.,* pp. 3-4). On November 22, 1978, Petitioner was arrested for aggravated and simple assault, possession of instrument of crime, recklessly endangering another person, and conspiracy. He was found not guilty on February 16, 1982. (*Id.*). In 1988, Petitioner was arrested for possession of marijuana but was not criminally charged. (*Id.*). On July 28, 1999, he was arrested for violation of a "protection from abuse" order, and subsequently convicted on August 24, 1999. (*Id.*). Respondent states that ICE has not been able to obtain a conviction record regarding Petitioner 's conviction for violation of a "protection from abuse" order.

On September 30, 2001, Petitioner was again arrested for simple assault on his child's mother, recklessly endangering another person, harassment, burglary, and criminal trespass. (Doc. 4, p. 3). Petitioner was sentenced on December 10, 2001, to a two-year probation term for assault and a 23-month term of confinement for the criminal trespass conviction. (*Id.*).

On June 5, 2003, while on probation, Petitioner was again arrested for possession of instrument of crime, possession of a weapon, simple and aggravated assault, and recklessly endangering his adult brother, David Bango. (Doc. 4, p. 4). Upon conviction for simple assault of his adult brother, Petitioner was again incarcerated for three to eighteen months for this offense as well as for six to twelve months for violating the terms of his probation. (*Id.*).

On January 7, 2006, Petitioner was arrested for escape, although Respondent states that the ultimate disposition of this case is not available. (*Id.*). Approximately three years later, on December 16, 2008, Petitioner was arrested again for possession of instrument of crime, simple assault, recklessly endangering, and terroristic threats, leading ICE to take custody of Petitioner. (*Id.*). Subsequent to Petitioner's December 16, 2008 arrest, ICE issued a Notice to Appear, which it amended on January 27, 2009. (*Id.*). As mentioned, Petitioner has been detained by ICE from December 16, 2008 to the present time. (*Id.*).

Thus, ICE initiated removal proceedings, charging Petitioner with removability for two or more crimes involving moral turpitude, for an aggravated felony of violence and for a crime of domestic violence, under 8 U.S.C. §§ 1227 (a)(2)(A)(ii) (multiple criminal convictions), (A)(iii)(aggravated felony), and (E)(i)(crimes of domestic violence, stalking, or

4

violation of protection order), respectively. (Doc. 4, pp. 4-5). At his February 17, 2009 bond hearing before the Immigration Court, Judge Andrew Arthur ordered that Petitioner be detained without bond pending completion of removal proceedings on the basis that he constituted a danger to the community. (*Id.,* p. 5 & Doc. 1, p. 2). ICE maintained that the bond hearing should have been held according to §1226(c), which allows mandatory detention of aliens convicted of certain deportable offenses, delineated above, and does not provide for the possibility of release on bond. The immigration judge refused and held the bond hearing under §1226(a), which allows release pending the completion of removal proceedings since the issue of whether the charges of removability against Petitioner were on appeal to the immigration court. (Doc. 4, p. 5). Petitioner did not appeal the immigration judge's decision denying him release on bond.

On May 5, 2010, the immigration court issued an oral decision, ruling that the assault convictions did not support Petitioner's removal but that Petitioner was nonetheless removable to Trinidad under 8 U.S.C. §1227 (a)(2)(A)(iii) for his criminal trespass conviction, which the immigration judge found was an aggravated felony for which the alien Petitioner could be removed. (*Id.*). Petitioner was thus ordered to be removed to Trinidad on May 5, 2010. (*Id.*).

Both the government and Petitioner timely appealed the May 5, 2010 Order to the BIA. Petitioner appealed the removal order to Trinidad and ICE also appealed the finding that the Petitioner was not removable on the assault charges, contending that the assault charges still constituted a crime of violence for which Petitioner would be removable. (Doc. 4, p. 6).

The BIA requested supplemental briefing on the criminal trespass conviction and whether the criminal trespass conviction constituted a crime of violence. (*Id*.). Subsequently, the BIA found in favor of Petitioner, remanding the issue to the immigration court for decision on the assault-based charges of removability which had been the basis of ICE's appeal. (*Id.*). At the new hearing before the immigration court, ICE asked the court to consider whether criminal trespass inherently constitutes a crime which involves the risk of force, which would provide the requisite legal basis for ICE to effectuate Petitioner's removal. (*Id.*). On February 2, 2011, the immigration court terminated removal proceedings against Petitioner, finding that Petitioner's convictions for simple assault did not constitute crimes of violence or domestic violence, and also that this conviction did not constitute a crime of moral turpitude. (Doc. 4, p. 7). On March 3, 2011, ICE appealed the immigration judge's termination of removal proceedings, and this appeal to the BIA is still pending. Petitioner then filed the instant petition for writ of habeas corpus on May 2, 2012. (*Id.*).

**III. Discussion**.

This Court has jurisdiction over Petitioner's habeas petition and his claims challenging his prolonged pre-removal order detention by ICE at Pike County Prison (about forty three months) as illegal and unconstitutional. *See Leslie v. Attorney General of U.S.*, 363 Fed. Appx. 955, 957, n. 1 (3d Cir. 2010)(Per Curiam)(citation omitted). In considering Petitioner's petition for writ of habeas corpus, we first note that he is not subject to a final order of removal; the immigration judge ordered that the removal proceedings be terminated in February 2011. (Doc. 4, p. 7). Thus, we are forced to address whether Petitioner is entitled

to habeas relief in the nature of his release from PCP pending the outcome of ICE's appeal to the BIA or to order a new bond hearing.

Respondent asserts that, because Petitioner has been provided the minimum due process to which he is entitled, namely, the individualized bond hearing on February 17, 2009, his circumstances merit neither release nor a bond hearing. (Doc. 4, pp. 7-8). We note, though, that Petitioner's only bond hearing, at which he was determined to constitute a danger to the community and thus was ordered to be held pending removal proceedings, was conducted on February 17, 2009, more than three years before Petitioner filed the instant petition for writ of habeas corpus. Since the bond hearing, Petitioner has experienced a significant change in circumstances: his immigration removal proceedings have been terminated; and the criminal charges against him which prompted ICE's initiation of removal proceedings were subsequently dismissed on September 3, 2009. (Doc. 4, p. 4).

We agree with Respondent that, following Petitioner's arrest in December 2008, there did exist a clear legal basis for ICE to detain Petitioner pending the outcome of removal proceedings, even though the charges which initially prompted removal proceedings were subsequently dismissed. *See Diop v. ICE,* 656 F.3d 221, 230 (3rd Cir. 2011). ICE, following Petitioner's arrest, sought to detain Petitioner under 8 U.S.C. §1226 (c) which provides for mandatory custody of any individual deportable under 8 U.S.C. §1227(a)(2)(A)(ii), (A)(iii), or (E). (Doc. 4, p. 5). 8 U.S.C. §1227(a)(2)(A)(ii) provides that any alien can be mandatorily detained pending removal proceedings for criminal convictions involving moral turpitude, and Petitioner did indeed have multiple convictions for simple assault, as well as a criminal

trespass conviction. Petitioner could also have been plausibly detained under 8 U.S.C. §1227(a)(2)(A)(iii), by construing the criminal trespass conviction as an aggravated felony, as well as under 8 U.S.C. §1227 (e) which includes crimes of domestic violence or violation of protection orders. Petitioner was convicted of violating a "protection from abuse" order in August 1999, and was also convicted of assaulting his child's mother, appearing to satisfy the provision in 1227(e) allowing for deportation of an individual who commits a crime of violence against an individual with whom the person shares a child in common. 8 U.S.C. §1227(e).

Following his arrest on December 16, 2008, ICE thus had three plausible grounds on which to effectuate removal proceedings against Petitioner, and also had apparent authority under §1226(c) to detain him pending those proceedings. (Doc. 4, p. 5). Because an authorized ICE agent may detain an alien if there is "reason to believe that [the alien] was convicted of a crime that is covered by the statute," the government did have sufficient basis to initially detain Petitioner under §1226(c). *Diop,* 656 F. 3d at 231.

Petitioner's instant habeas petition, though, raises the question of whether his continued detention remains constitutionally authorized, now that he has been detained for approximately forty three months pending the government's appeal of Petitioner's removability. We agree with Respondent that, under strict due process mandates, Petitioner has already received all necessary process, namely, his individualized bond hearing conducted by an immigration judge on February 17, 2009. (Doc. 4, p. 7).

Although the statutory law provides broad discretion to authorize continued detainment of aliens pending deportation, the courts have cautioned that the constitutionality of detention is also, at least to some extent, a function of the length of detention. *Diop*, 656 F.3d at 232.  Although mandatory detention for some classes of aliens under §1226(c) is constitutional, Justice Kennedy's concurring opinion in *Demore v. Kim et al.,* 538 U.S. 510, 532 (2003), helps inform the *Diop* Court's emphasis that continued detention can become unconstitutional unless the government justifies its actions at a hearing designed to ascertain whether continued detention of the alien is necessary to achieve the law's stated purposes of preventing flight and minimizing potential dangers to the community.  *Id.* at 233.  The Court in *Diop* stresses that, at some point, absent an individualized bond hearing, continued detention becomes presumptively unreasonable.  *Id*.

Petitioner has now been detained by ICE for approximately forty three months it total, and for about seventeen months  after removal proceedings against him were terminated, *i.e.* on February 2, 2011.  (Doc. 4, p. 10).  Although the statutory law does seemingly dictate mandatory custody, "we do not believe that Congress intended to authorize prolonged, unreasonable, detention without a bond hearing." *Hernandez v. Sabol*, 823 F. Supp. 2d 266, 272 (M.D. Pa. 2011).  §1226(c) authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community.  *Diop*, 656 F.3d at 231.  Thus, since Petitioner has now been detained forty three months, we will

recommend that Petitioner be granted a bond hearing to ascertain whether the immigration court considers him a flight risk or a danger to the community were he to be released pending the outcome of the government's appeal. As stated, Petitioner's most recent bond hearing was held nearly three and one-half years ago, during which time Petitioner's circumstances have changed markedly. We see no reason why Petitioner should not at least be afforded another bond hearing during which the immigration court can again assess if Petitioner poses a danger to the community such that he should remain in detention pending ICE's appeal. (Doc. 4, p. 8).

    This recommendation is entirely consistent with other case law from the Middle District of Pennsylvania as well as with the *Diop* Court's caution that prolonged detention of an alien (35-month detention in *Diop*), absent an individualized bond hearing, can become presumptively unreasonable. *Bautista v. Sabol,* Civ. No. 3: 12-CV-0596, 2012 WL 1899671 (M.D. Pa. May 24, 2012). Following *Diop,* Judge Conner of the Middle District ruled that a petitioner, detained for approximately 20 months under §1226(c), was actually even entitled to release while his appeal of removal was pending in the immigration court and the Board of Immigration Appeals. *Gupta v. Sabol et al.,* Civ. No. 1:11-CV-1081, 2011 WL 3897964 at *1 (M.D. Pa Sept. 6, 2011). The *Gupta* Court stated that such decisions "reflect a growing consensus within this district and throughout the federal courts [ ] that prolonged detention of aliens under 1226(c) raises serious constitutional concerns." *Id.* at 2. Thus, although we decline to recommend the outright release of Petitioner in advance of a bond hearing as Petitioner requests, we find that Petitioner's 43-month detention while the Government's

appeal is pending requires a new bond hearing.

**Recommendation.**

Based on the foregoing, it is respectfully recommended that Petitioner's Habeas Petition (**Doc. 1**), be granted to the extent that Petitioner be afforded an individualized bond hearing within 30 days.

                                  s/ Thomas M. Blewitt
                                  **THOMAS M. BLEWITT**
                                  **United States Magistrate Judge**

**Dated: July 13, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUBREY FITZGERALD BANGO | : | |
| | : | CIVIL ACTION NO. **3: 12-CV-0822** |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CRAIG A. LOWE, Warden, | | |
| Pike County Prison, | : | |
| | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 13, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the

magistrate judge with instructions.

Failure to file timely Objections may constitute a waiver of any appellate rights.

                                          **s/ Thomas M. Blewitt**
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**

**Dated: July 13, 2012**