IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUBREY FITZGERALD BANGO, | : | |
| Petitioner, | : | CIVIL NO. 3:12-CV-0822 |
| | : | |
| v. | : | |
| | : | (JUDGE NEALON) |
| CRAIG A. LOWE, Warden, | : | |
| Pike County Prison, | : | |
| Respondent | : | (MAGISTRATE JUDGE BLEWITT) |

FILED SCRANTON NOV 28 2012 Per\_\_\_ DEPUTY CLERK

## MEMORANDUM

On May 2, 2012, Petitioner, Aubrey Fitzgerald Bango, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Custody Enforcement ("ICE") and seeking immediate release from confinement, or, that this Court order him to receive a new bond hearing. (Doc. 1). On May 8, 2012, United States Magistrate Judge Thomas M. Blewitt issued an order to show cause and directed Respondent to file a response to the habeas petition. (Doc. 2). Respondent filed a response to the habeas petition on May 29, 2012, arguing that Petitioner's detention is lawful; his detention is authorized by statute and Petitioner was provided due process because he was given a bond hearing; and, his detention is reasonable under 8 U.S.C. § 1226(c) and Diop v. U.S. Immigration and Customs Enforcement, 656 F.3d 221 (3d Cir. 2011). (Doc. 4).

On July 13, 2012, Magistrate Judge Blewitt issued a Report recommending that Petitioner's habeas petition, (Doc. 1), be granted to the extent that he be afforded an individualized bond hearing. (Doc. 5). No objections have been filed. The Magistrate Judge noted that Petitioner had a bond hearing on February 17, 2009, where it was determined that he

was a danger to the community and he was ordered to be held pending removal proceedings. (Doc. 5, pg. 5). That bond hearing was more than three years before Petitioner filed the present habeas petition. The Magistrate Judge stated that, since the February 2009 bond hearing, Petitioner's circumstances have changed in that his immigration removal proceedings have been terminated, and the criminal charges against him have been dismissed. (Doc. 5, pg. 7).

At the time the Report and Recommendation was issued, Petitioner had been detained by ICE for approximately 43 months, and approximately 17 months after removal proceedings against him were terminated. (Doc. 5, pg. 9). The Magistrate Judge noted, "we do not believe that Congress intended to authorize prolonged, unreasonable, detention without a hearing." (Doc. 5, pg. 9) (citing Hernandez v. Sabol, 823 F. Supp. 2d 266, 272) (M.D. Pa. 2011)). Additionally, the Third Circuit Court of Appeals stated that 8 U.S.C. § 1226 "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." (Doc. 5, pg. 9) (citing Diop, 656 F.3d at 231). Magistrate Judge Blewitt therefore recommended that Petitioner be granted a bond hearing to determine whether the immigration court considers him a flight risk or danger to the community if he is released pending the outcome of the government's appeal. (Doc. 5, pg. 10).

Having received no objections to the Magistrate Judge's Report and Recommendation, the Report will be adopted. See Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.)

(when no objections are made to a report, the district court is not statutorily required to review the magistrate judge's factual or legal conclusions under a <u>de</u> <u>novo</u> or any other standard).

Date: November 28, 2012

_____
**United States District Judge**